IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Michel A. Dukes, Sr., *also known as* Andre, | ) | C/A No. 0:14-3340-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Officer Leak, SMU; Lt. Jones; Willie L. | ) | |
| Eagleton; Annie Sellers; Brian Sterling, | ) | |
| Director of the State of South Carolina | ) | |
| Department of Corrections, individually and in | ) | |
| their official capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Michel A. Dukes, Sr. ("Plaintiff"), a self-represented state prisoner, brings this

civil rights action pursuant to 42 U.S.C. § 1983.  This matter is before the court pursuant to

28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) DSC.  Plaintiff is an inmate at Evans

Correctional Institution, and files this action *in forma pauperis* under 28 U.S.C. § 1915.  Having

reviewed the Amended Complaint in accordance with applicable law, the court concludes that the

Amended Complaint should be summarily dismissed as to the following defendants:  Annie Sellers

and Brian Sterling, Director of the State of South Carolina Department of Corrections.[1]

---

[1]  A separately docketed order authorizes the issuance and service of process against Defendant
Leak for an alleged excessive use of force in violation of the Eighth Amendment and alleged
retaliation in violation of the First Amendment.  The order further authorizes the issuance and
service of process against Defendants Jones and Eagleton for an alleged denial of court access in
violation of the First Amendment.  All other claims against these defendants are subject to summary
dismissal for the reasons stated below.



## I.    Factual and Procedural Background

The Complaint[2] alleges that Plaintiff was placed in segregated confinement by Defendants

Lt. Jones, Annie Sellers, and Willie L. Eagleton for no reason on June 13, 2014, and that Defendant

Jones confiscated Plaintiff's property to include his legal mail.  (ECF No. 13-2 at 3.)  Plaintiff

indicates that he had a deadline in a state court post-conviction relief ("PCR") action and was denied

access to the law library by Defendant Eagleton.  (Id. at 4.)  Plaintiff  alleges that he lost his PCR

appeal due to his inability to "give the SC Supreme Court a sufficient reason why [he] deserved a

second PCR."  (Id.)  The Complaint further complains that Plaintiff was assaulted by Defendant

Officer Leak with pepper spray on July 10, 2014.  (Id. at 3.)  Plaintiff indicates that he remained in

segregation for thirty-one days.  (Id. at 4.)  Plaintiff seeks monetary damages and injunctive relief.

(Id. at 5.)  On September 5, 2014, Plaintiff filed an Amended Complaint, which contains no

additional factual allegations but cites the Federal Tort Claims Act ("FTCA").[3]  (ECF No. 13 at 1.)

## II.    Discussion

### A.    Standard of Review

Under established local procedure in this judicial district, a careful review has been made of

the *pro se* Amended Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C.

---

[2]  To preserve issues raised in the case and give liberal construction to the pleadings, the Complaint (ECF No. 1) has been docketed as an attachment to the Amended Complaint in this case (ECF No. 13).

[3]  The Amended Complaint terminated the United States as a defendant in the case.  (ECF No. 13 at 1.)  Because none of the remaining defendants are federal actors, the court finds that any FTCA claim asserted by Plaintiff should be summarily dismissed as to all defendants.  See Sheridan v. Reidell, 465 F. Supp. 2d 528, 531 (D.S.C. 2006) (finding that a claim under the FTCA lies only against the United States).  Plaintiff likewise references the Equal Protection Clause of the Fourteenth Amendment (ECF No. 13-2 at 2), but provides no factual allegations to state a plausible equal protection claim against any defendant.  See Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009).



§ 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996).  This review has been conducted in light of the following precedents:  Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Amended Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31.  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.  Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

PJG

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.    Analysis**

The Amended Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' "  Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)).  A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief."  City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999).  To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).  As discussed below, Plaintiff fails to state a cognizable claim against Defendants Sellers and Sterling.



### 1.    Defendant Sellers

The Amended Complaint alleges that Defendant Sellers violated Plaintiff's rights under the Eighth and Fourteenth Amendments by placing him in segregated confinement. As an initial matter, the court observes that Plaintiff has no protected liberty interest in his custody or security classification. See Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); see also Olim v. Wakinekona, 461 U.S. 238 (1983) (finding no constitutional right to be housed in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution). Thus, the Amended Complaint's assertion that Defendant Sellers, or any other defendant, violated Plaintiff's right to due process by placing him in segregated confinement is subject to summary dismissal.

Next, Plaintiff claims that his placement in segregated confinement constitutes "deliberate indifference" and "cruel and unusual punishment under the Eighth Amendment." (ECF No. 13-2 at 8.) As a general matter, the Eighth Amendment prohibits punishments which "involve the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173(1976)). Thus, under the Eighth Amendment, prisoners are entitled to "adequate food, clothing, shelter, sanitation, medical care and personal safety." Wolfish v. Levi, 573 F.2d 118, 125 (2d Cir.1978) (overruled on other grounds by Bell v. Wolfish, 441 U.S. 520 (1979)); see also Farmer v. Brennan, 511 U.S. 825, 832 (1994). "In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements– that 'the deprivation of [a] basic human need was objectively sufficiently serious,' and that 'subjectively the officials act[ed] with a sufficiently culpable state of mind.' " Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995) (quoting Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir.1993)). Further, deliberate indifference is a very high standard, which requires more than a showing of mere negligence, see



Estelle, 429 U.S. 97 at 105-06, and "more than ordinary lack of due care for the prisoner's interests or safety." Whitley v. Albers, 475 U.S. 312, 319 (1986). In the present case, Plaintiff provides no factual allegations to demonstrate that Defendant Sellers, or any other named defendant, was deliberately indifferent to Plaintiff's basic needs or that the defendant's actions rose to the level of an Eighth Amendment violation. Therefore, Defendant Sellers is entitled to summary dismissal from this case.[4]

### 2.      Defendant Sterling

The Amended Complaint names Defendant Sterling as the director of the South Carolina Department of Corrections and "legally responsible for the overall operation of the Department." (ECF No. 13 at 1.) However, a claim based upon the doctrine of *respondeat superior* does not give rise to a § 1983 claim. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691-94 (1978). Moreover, "[b]ecause vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676. While supervisory officials may be held liable in some circumstances for constitutional injuries inflicted by their subordinates, Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994), certain criteria must be demonstrated to trigger such liability. A plaintiff must show that the supervisory official (1) was actually or constructively aware of a risk of constitutional injury, (2) was deliberately indifferent to that risk, and (3) that an affirmative causal link exists

---

[4] Plaintiff's Eighth and Fourteenth Amendment claims associated with his segregated confinement against Defendants Jones and Eagleton are likewise subject to summary dismissal. The court further observes that the Amended Complaint's due process claims associated with Defendant Jones's alleged deprivation of Plaintiff's personal property are subject to summary dismissal because South Carolina law provides a meaningful post-deprivation remedy for the intentional, unauthorized deprivation of such property. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); see also McIntyre v. Portee, 784 F.2d 566, 567 (4th Cir. 1986) (citing S.C. Code Ann. § 15-69-10 et seq.).



between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. Carter v. Morris, 164 F.3d 215, 221 (4th Cir. 1999). In the instant Amended Complaint, Plaintiff fails to provide any direct allegations against Defendant Sterling. Further, Plaintiff fails to demonstrate that Defendant Sterling was aware of, or deliberately indifferent to, any constitutional risk of injury to Plaintiff. Therefore, Plaintiff's claims against Defendant Sterling for actions taken by subordinate employees should be dismissed. As such, Defendant Sterling is entitled to summary dismissal from this case.

## III.    Conclusion

For the foregoing reasons, it is recommended that Defendants Sellers and Sterling be dismissed from this case without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 24, 2014
Columbia, South Carolina

*The parties are directed to note the important information in the attached*
*"Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

       The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' "  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

       Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

       **Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).